UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHEILA REINER,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JUAN YOSHIO URAKAMI d/b/a<br>ARQUIMEX LOS CABOS S. DE R.L. DE<br>C.V.,<br><br>　　　　　Defendant. | 3:12-cv-01682 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

**I.　INTRODUCTION**

Plaintiff Sheila Reiner (hereinafter "Plaintiff") commenced this action against Defendant Juan Yoshio Urakami, d/b/a Arquimex Los Cabos S. De R.L. De C.V., on November 28, 2012. Plaintiff's action was brought to recover damages caused, allegedly, by breaches of a construction contract. Plaintiff's Complaint contains four counts: (1) breach of contract; (2) negligence; (3) fraud; and (4) violation of C.G.S.A. § 42-110b *et seq.* (i.e., the Connecticut Unfair Trade Practices Act, hereinafter "CUTPA"). Defendant has failed to answer, otherwise respond, or even appear in this action. An Order granting Plaintiff's Motion for a Default Entry in accordance with Fed. R. Civ. P. 55(a) was entered on May 28, 2013. *See* [Doc. 12].

Plaintiff has now moved for default judgment on Counts One, Two, and Three (i.e., breach of contract; negligence; and fraud), [Doc. 15], and Plaintiff has supplemented this motion with, among other exhibits, her affidavit, [Doc. 15-1] and a copy of the construction contract between the

parties, [Doc. 15-2]. On the fifth page of the contract between the parties provided by Plaintiff, there appears to be a choice of law provision and which begins with the words: "For the interpretation and fulfillment of this agreement, both parties submit themselves to the jurisdiction...." Its text trails off mid-sentence, however, as a large portion of the paragraph is obscured to the point of complete illegibility by what appears to be some sort of overlaid stamp which is present – and which obscures some amount of text – on all five pages of the contract Plaintiff has provided to the Court. *Id.* The Court cannot rule upon Plaintiff's Motion for Default Judgment until it has been provided a copy of the contract between the parties which is legible in its entirety.

In *Finkel v. Romanowicz*, 577 F.3d 79, 81 n. 1 (2d Cir. 2009), the Second Circuit noted that a defendant who had defaulted – as Defendant has undisputedly done in the case at bar – was, due to his default, "deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability." The Court of Appeals expanded on that proposition, commenting that in instances where a defendant has defaulted, "a court is required to accept all of [a plaintiff's] factual allegations as true and draw all reasonable inferences in [that plaintiff's] favor," but the court is "also required to determine whether the [plaintiff's] allegations establish [a defendant's] liability as a matter of law." *Id.* at 83 (citing *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, "a district court has discretion under [Federal Rule of Civil Procedure] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d at 65.

In the case at bar, Plaintiff's several pleaded claims which are at issue in Plaintiff's Motion for Default Judgment – i.e., breach of contract; negligence; and fraud – arise out of Defendant's alleged breach of a construction contract entered into between the parties for the construction of a

dwelling located at lot 6 Cabo Colorado, San Jose Del Cabo, BCS, Mexico. [Doc. 1] at ¶5. Plaintiff states in her Complaint that this contract was entered into on October 25, 2005, *see id.* at ¶6, and, indeed, October 25, 2005 is the date on the copy of the contract provided to the Court by Plaintiff. *See* [Doc. 15-2] at 5. The contract states on its face that it was "signed in the City of Cabo San Lucas, Baja California Sur." *Id.* Plaintiff purports to be a citizen of Connecticut, and avers that Defendant is a citizen of Mexico. The street address for Defendant given on the contract is located in Cabo San Lucas, BCS, Mexico. *See id.* at 1.

Given Defendant's default in responding to the Complaint, I accept the Complaint's well-pleaded factual allegations in respect of Defendant's asserted liability. But the Second Circuit's holding in *Finkel* requires me to determine Defendants' "liability as a matter of law" or, as stated otherwise, this Court retains jurisdiction under Rule 52(b)(2) to determine whether "the alleged facts constitute a valid cause of action." Those responsibilities inevitably lead to a consideration of which law governs this contract and Defendant's performance (or lack of it). In the case at bar, this Court's subject matter jurisdiction is based on diversity of citizenship. "[A] federal court exercising diversity jurisdiction over a state-law claim must apply the choice-of-law rules of the state in which that court sits to determine the rules of decision that would apply if the suit were brought in state court." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151 (2d Cir. 2013) (citations omitted). Choice of law questions arise in this case because, as discussed *supra*, it appears from the pleadings that Plaintiff, a citizen of Connecticut, entered into a contract with a Mexican individual doing business as a Mexican entity for the construction of a residential dwelling. However, as the contract copy provided by Plaintiff is in parts illegible, specifically, as discussed *supra*, a significant portion of what appears to be its choice of law provision, the present record does not fully inform the Court

3

with respect to factors relevant to a choice-of-law analysis.

The Court must be furnished with a fully legible copy of the contract in suit before Plaintiff's motion for a default judgment can be further considered or granted. That is so, notwithstanding the fact that the Complaint's allegations, along with Plaintiff's other pleadings, describe Defendant's total breaches of a relatively uncomplicated construction contract in a manner that, one may reasonably suppose, give rise to a common law claim for breach of contract under the law of any State of the Union (I express no view with respect to the law of Mexico which, under the circumstances here present, may be applicable). To be sure, there are situations where no further choice-of-law analysis is required; *compare Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 n. 1 (2d Cir. 1981) ("There is some question whether Michigan or New York law controls this action, although the district court made no reference to this question and neither party raises it on appeal. It is, however, unnecessary to decide the issue since we believe ABP could recover either under Mich.Comp.Laws § 570.151 or under either state's common law of fraud."). However, given the facts of this action, this Court must resolve the choice-of-law question under Rule 55(b)(2) before further considering or ruling upon Plaintiff's Motion for Default Judgment; and the Court cannot do so without being provided a fully legible copy of the contract in suit.

Accordingly, counsel for Plaintiff are directed to forward to the Court forthwith a fully legible copy of the construction contract upon which this action is based. Plaintiff is directed to do so on or before **Wednesday, January 29, 2014.**

It is SO ORDERED.


Dated: New Haven, Connecticut
       January 15, 2014

                                                   */s/ Charles S. Haight, Jr.*  
                                                   Charles S. Haight, Jr.  
                                                   Senior United States District Judge