UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHEILA REINER,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JUAN YOSHIO URAKAMI d/b/a<br>ARQUIMEX LOS CABOS S. DE R.L. DE<br>C.V.,<br><br>　　　　　Defendant. | 3:12-cv-01682 (CSH) |

**ORDER**

**HAIGHT**, Senior District Judge:

　　Plaintiff Sheila Reiner, a resident (and presumably a citizen) of Connecticut, commenced this action against Defendant Juan Yoshio Urakami, a resident (and presumably a citizen) of Mexico. Urakami does business under a commercial name. His business is that of a construction contractor.

　　In October 2005, Reiner and Urakami entered into a construction contract for the building by Urakami of a residential dwelling for Reiner. The building was to be located in Cabo Colorado, San Jose del Cabo, Baja California Sur, Mexico. Plaintiff's complaint alleges that she has been damaged by Urakami's breaches of the construction contract, compounded by Defendant's related acts of negligence and fraud.

　　Reiner engaged counsel in Mexico to attempt personal service of the complaint upon Urakami. Assuming without deciding that Plaintiff effected proper service upon Defendant, Urakami is in default in responding to it. As of this writing, Defendant has not appeared in the

action or answered the complaint.  Plaintiff now moves for judgment by default under Rule 55(b)(2), Federal Rules of Civil Procedure.

By this Memorandum and Order, the Court raises *sua sponte* the question of whether the Court has personal jurisdiction over Defendant Urakami.  In *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010), the Second Circuit said that "we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."  The court of appeals expanded upon that proposition in a footnote at 619 F.3d 213 n. 7:

> Our sister circuits appear to *require* a district court to investigate its personal jurisdiction over a defendant before entering a default judgment.... We need not — and explicitly do not – address here whether a district court *must* investigate its personal jurisdiction over defendant before entering a default judgment.  We leave that issue for another day and hold only that a court *may* raise personal jurisdiction *sua sponte* when a defendant has failed to appear.

(citation and internal quotation marks omitted; emphases in original).  The district judge in Sinoying concluded that personal jurisdiction was absent and dismissed the complaint.  The Second Circuit affirmed.

In this case, I have decided to investigate personal jurisdiction over Defendant Urakami.  Although Defendant has defaulted in appearing and answering the complaint, the Court is under a duty, before entering a default judgment, to determine whether the complaint states a viable claim in fact and law.  There is presently no discernible basis upon which this Court can exercise personal jurisdiction.  For all that appears, Urakami resides and works in Mexico; the construction contract in question was executed in Mexico; the contract called for construction of a private building in Mexico; Urakami's presence in Connecticut for purposes related to the

contract is nowhere alleged.  If this Court lacks personal jurisdiction over Urakami, the complaint must be dismissed, without prejudice to Plaintiff Reiner asserting her claims in a court of competent jurisdiction.

In these circumstances, counsel for Plaintiff are directed to submit affidavits, a brief on the law, and any other submissions in support of Plaintiff's claim (if she decides to press it) that Defendant Urakami is subject to personal jurisdiction in this Court as a result of applicable statutes and rules of law and, in addition, pursuant to the United States Constitution.  Those submissions must be filed not later than Friday, March 28, 2014, failing which the Court will dismiss the complaint without prejudice for lack of personal jurisdiction.  During this interval, the Court will take no action with respect to Plaintiff's motion for a default judgment.

IT IS SO ORDERED.

Dated: New Haven, Connecticut
　　　　March 6, 2014

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Charles S. Haight, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　Charles S. Haight, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge